**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5935

JOSEPH ALVIN RAY,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
Frank W. Bullock, Jr., Chief District Judge.
(CR-95-89)

Submitted: September 30, 1996

Decided: November 15, 1996

Before WILKINS, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David B. Freedman, WHITE & CRUMPLER, Winston-Salem, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Harry L. Hobgood, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Joseph Alvin Ray appeals his 180-month term of imprisonment after pleading guilty to one count of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 846, 841(b)(1)(B) (1994). Ray's formal brief raised three issues, and his supplemental pro se brief raised two additional issues. Finding no merit in Ray's claims, we affirm.

According to testimony at Ray's sentencing hearing, Ray twice arranged cocaine purchases in New York City. Ray testified he arranged two one-kilogram purchases for his brother, but Government witnesses testified he also arranged a half-kilogram purchase for himself. Ray did not dispute that he arranged the purchases and provided associates with money to make the purchases. Further, Ray admitted he carried a .38 caliber pistol during the drug transactions, but claimed he carried the weapon to protect large sums of money he carried from rental collections.

At sentencing, the district court increased Ray's offense level by four under USSG § 3B1.1(a) (Nov. 1994) for being an organizer or leader of criminal activity. Additionally, the court increased Ray's offense level by two under § 2D1.1(b)(1) (Nov. 1994) for possessing a dangerous weapon during the commission of a drug crime. Finally, the district court refused to reduce Ray's offense level by two for acceptance of responsibility under § 3E1.1(a) (Nov. 1994) because it found that he failed to accept responsibility for the half-kilogram of cocaine.* On appeal, Ray challenges each of these decisions. Additionally, he claims the district court failed to make a specific factual finding concerning the amount of cocaine attributable to him, and that the Government breached its plea agreement by failing to debrief him.

The district court did not clearly err in any of its decisions. See United States v. Hyppolite, 65 F.3d 1151, 1159 (4th Cir. 1995), cert.

_____

*However, the district court also refused to include the half-kilogram of cocaine in calculating Ray's drug amount because it found the Government's witnesses were not credible.

2

denied, ___ U.S. ___, 64 U.S.L.W. 3708 (U.S., Apr. 22, 1996) (No. 95-8395); United States v. Daughtrey, 874 F.2d 213 (4th Cir. 1989). First, Ray admitted that he arranged each of the purchases. In doing so, he "exercise[d] . . . decision making authority" and had a significant "degree of participation in planning or organizing the offense." USSG § 3B1.1(a), comment. (n.4).

Second, Ray admitted that he carried the .38 caliber pistol with him during the drug transactions. Government witnesses also testified that he had the pistol during the transactions. Although he claimed he carried the gun to protect the large sums of money he collected from renters, Ray did not establish that it was clearly improbable the weapon also was connected to the drug transactions. See United States v. Calhoun, 49 F.3d 231 (6th Cir. 1995).

Third, Ray did not establish by a preponderance of the evidence that he did not arrange a half-kilogram purchase of cocaine for himself. See United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 498 U.S. 846 (1990). The district court's refusal to attribute the half-kilogram to Ray did not necessitate a finding that he accepted responsibility for all his drug activity on the basis that the half-kilogram did not exist. Rather, the district court merely decided that neither Ray nor the Government established the existence or nonexistence of the half-kilogram by a preponderance of the evidence. Thus, the court did not err by refusing to reduce Ray's offense level for acceptance of responsibility.

Also without merit is Ray's argument that the district court erred by failing to make a specific factual finding concerning the amount of cocaine attributable to Ray because the district court expressly adopted the findings in the presentence report. Such action is permissible. United States v. Walker, 29 F.3d 908, 911 (4th Cir. 1994).

Finally, Ray claims the Government breached its plea agreement with him by failing to debrief him. Ray's plea agreement stated that the Government would recommend that he be sentenced at the low end of the guideline range "if the defendant, upon debriefing by government agents, is completely forthright and truthful regarding the offense charged."

3

The Government's failure to debrief a defendant may result in a breach of a plea agreement. United States v. Beltran-Ortiz, 91 F.3d 665, 668-69. (4th Cir. 1996). However, the Government's failure in this case is distinguishable from Beltran-Ortiz . First, in Beltran-Ortiz, the Government's breach was substantial because debriefing may have rendered the defendant eligible for a lower sentence under USSG § 5C1.2, the "safety valve provision." Id. Ray, though, makes no showing that he may have been eligible for a lower sentence had he been debriefed. Second, as promised, the Government recommended that Ray receive a sentence at the low end of the guideline range. Thus, the Government's failure to debrief Ray did not constitute more than harmless error.

Accordingly, we affirm Ray's sentence. Additionally, we deny Ray's motion for oral argument and grant his motion to file a pro se supplemental brief. We grant Appellee's motion to submit the case on the briefs and dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

4